### CROCKER *vs.* WILLIAMSON ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a judgment has been rendered against a principal debtor for a
  certain sum, and against the third possessor of the mortgaged premises,
  and the latter alone appeals, the appellee cannot have the judgment,
  amended on the appeal, so as to increase the amount, or affect the
  interests of the debtor.

The original debtor is not before the court on appeal, when his vendee, the
  third possessor, alone has appealed; and his interests cannot be affected
  by an alteration of the judgment, as respects him, without making him
  a party.

This suit is instituted on three several promissory notes,
executed by the defendant Williamson, and protested for
non-payment, amounting in all to two thousand nine hundred
and forty dollars.   The notes were secured by a mortgage on
certain leased premises, which Williamson occupied as
assignee of the original lessee, who leased it from one John
Mooney.   After the notes were due, Williamson sold and
assigned his leasehold to one Oliver Akin, who is in
possession, for two thousand dollars.   Akin accepted the
lease, subject to all the mortgages, pledges and incumbrances.

Williamson pleaded a general denial, and let judgment
go for the amount of the notes, with interest.

Akin pleaded the general issue; and that the premises in
contest belong to John Mooney, for whom he holds possession
as tenant and calls him in warranty.

Mooney answered and averred, he was the possessor or owner of the property, but acknowledged the lease, which Williamson sold to Akin; and as the property itself was not claimed, he denied his·liability in warranty.

EASTERN DIST.
*April,* 1835.

CROCKER
*vs.*
WILLIAMSON
ET AL.

Judgment being rendered against Williamson for the .amount of the notes, with ten per cent. interest on one until paid; and five per cent. from judicial demand on the others; and it was ordered, that the mortgaged leasehold be seized and sold to satisfy said judgment. The warrantor was dischärged. Akin, the third possessor alone appealed.

*Strawbridge,* for the plaintiff and appellee, alleged error in the judgment to his prejudice, in not allowing him the full amount of interest on all the notes; and that it be amended in this respect. See *Acts of* 1822,· *section* 24.

2. The appellant having failed to bring up the transcript, the appellee has done it, and claims to have the judgment amended. *Code of Practice,* 884.

3. If the appellee prefer to have judgment, he may bring up the record and pray judgment, in the same manner as if it had been brought up by the appellant. *Code of Practice,* 590.

*Nixon,* for the appellant.

*Bullard, J.,* delivered the opinion of the court.

This suit was instituted against the defendant, Williamson, to recover the amount of certain promissory notes, secured by mortgage, and Akin, the third possessor of the mortgaged premises, was made a party. Judgment was rendered against Williamson for the amount due, and the mortgaged property was ordered to be sold. The third possessor, alone, appealed.

The appellant having failed to bring up a transcript of the record, the plaintiff and appellee brings it into this court, and prays an amendment of the judgment below, so as to allow him a higher rate of interest on one of the notes. We think this cannot be done. The debtor is not before the court, and we cannot alter the judgment, as it relates to him, without

Where a judgment has been rendered against the principal debtor, for a certain sum, and against the third possessor of the mortgaged premises, and the latter alone appeals, the appellee cannot have the judgment amended on the appeal, so as to increase the amount, or affect the interests of the debtor.

The original debtor is not before the court on appeal, when the vendee, the third possessor, alone has appealed;

28

<div style="margin">EASTERN DIST. *April*, 1835.

and his interest cannot be affected by an alteration of the judgment, as respects him, without making him a party.</div>

making him a party. The only question between the plaintiff and Akin, the third possessor, in the court below, was, whether the property in his possession was liable to be sold, to satisfy such judgment, as should be recovered against Williamson. We cannot increase the amount of the judgment without affecting Williamson, who is not a party to the appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.